<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

_____
:
TOBIAS A. FRANK,                       :
                                       :  Civil Action No. 14-2277 (RMB)
           Petitioner,                 :
                                       :
       v.                              :          **OPINION**
                                       :
J.T. SHARTLE,                          :
                                       :
           Respondent.                 :
_____:

This matter comes before the Court upon Petitioner's § 2241 petition ("Petition"), <u>see</u> Docket Entry No. 1, which arrived unaccompanied either by the applicable filing fee or by Petitioner's <u>in forma pauperis</u> application. See Docket Entry No 1. For the reasons detailed below, the Petition will be denied.

Petitioner is a federal inmate currently confined at the FCI Fairton, Fairton, New Jersey. <u>See</u> <u>generally</u>, Docket. On September 4, 2013, he submitted a § 2241 petition that gave rise to <u>Frank v. Shartle</u> ("<u>Frank-I</u>"), Civil Action No. 13-5285 (RMB), and followed that submission with his filing fee. See <u>Frank-I</u>, Docket Entry No. 1.

In <u>Frank-I</u>, Petitioner raised two distinct challenges. <u>See</u> <u>id.</u> at 4-10. On the one hand, he alleged that his court of conviction unduly enhanced his sentence.[1] <u>See id.</u> at 4-7 and 8-

_____

[1] In his <u>Frank-I</u> matter, Petitioner asserted that his current term of imprisonment resulted from the conviction and

10.   On the other hand, he asserted that the Bureau of Prisons unduly deemed him ineligible for the incentives allowed to the inmates who successfully completed the Residential Drug Abuse Treatment Program ("RDAP").  See id. at 7-8.

Although the Frank-I petition omitted to state whether Petitioner sought § 2255 relief, this Court's examination of the public records determined that Petitioner, who was convicted pursuant to a plea agreement with a broadly-termed waiver, filed two § 2255 motions with his court of conviction, see Frank v. United States, 2013 U.S. Dist. LEXIS 125040, at *2-3 (S.D. Ga. July 24, 2013), and both these applications were denied.  See Frank v. United States, 2013 U.S. Dist. LEXIS 124708 (S.D. Ga. Aug. 30, 2013).  In addition, this Court located Petitioner's earlier application to his court of conviction, styled as a coram nobis petition, that was also denied; said denial was affirmed by the Eleventh Circuit, with an express admonishment regarding Petitioner's litigation abuses.  See United States v. Frank, 414 F. App'x 252 (11th Cir. 2011); see also id. at 253, n.1 ("Frank's argument that he was ineligible for § 2255 relief because the statute of limitations has expired is without merit. . . .  Frank seeks to challenge the legality of his sentence.  There . . . is

---

sentence rendered by the United States District Court for the Southern District of Georgia, and that the United States Court of Appeals for the Eleventh Circuit affirmed that judgment on direct appeal.  See Frank-I, Docket Entry No. 1, at 1-2.

cognizable relief for Frank under § 2255 even though he likely cannot obtain that relief because the § 2255 statute of limitations has expired") (citations omitted).

In light of Petitioner's two lines of habeas challenges raised in Frank-I, this Court detailed to Petition the operation of Habeas Rule 2(e), explaining that he could not challenge different determinations in a single habeas petition. See 28 U.S.C. § 2254 Rule 2(e) (applicable to § 2241 matters through Habeas Rule 1(b)); see also Muniz v. Zickefoose, 2011 U.S. Dist. LEXIS 115766, at *13 (D.N.J. Sept. 30, 2011), aff'd, 460 F. App'x 165 (3d Cir. 2012). Therefore, since his RDAP challenges were facially unexhausted administratively, this Court reserved the Frank-I matter for Petitioner's claims challenging the sentence rendered by the Southern District of Georgia and dismissed Petitioner's RDAP claims as improperly raised in Frank-I, without prejudice to raising them, upon due exhaustion of administrative remedies, in a new and separate Section 2241 matter. See Frank-I, Docket Entries Nos. 2 and 3. Then, turning to Petitioner's challenges attacking his sentence, this Court explained to Petitioner that it lacked jurisdiction to address these challenges since Section 2255 was not an inadequate/ineffective vehicle to raise Petitioner's claims, and that the law upon which Petitioner relied neither applied to cases on collateral review nor decriminalized Petitioner's conduct underlying his

3

conviction. See id., Docket Entry No. 2, at 5-8 and n.1. Correspondingly, this Court dismissed Petitioner's attack on his sentence for lack of jurisdiction. Petitioner appealed. On March 5, 2014, the Court of Appeals dismissed his application for failure to prosecute. See id., Docket Entry No. 7. The Petition, again, presents an attack on Petitioner's sentence, albeit on a ground alternative to that raised in Frank-I. See Instant Matter, Docket Entry No. 1, at 2-5.

Petitioner has changed the legal precedent upon which he relies. His Frank-I attack on his sentence was based on Alleyne v. United States, 133 S. Ct. 2151 (2013), while his instant attack on his sentence is based on Begay v. United States, 553 U.S. 137 (2008). The substance of Petitioner's position and the jurisdictional deficiency of that position remain the same.

This point was thoroughly explained by the Court of Appeals in a case substantively indistinguishable from Petitioner's instant action.

> In his § 2241 petition, [Petitioner] argued that he was actually innocent of being a career offender. He contended that under Begay v. United States, 553 U.S. 137 (2008), his state court conviction . . . did not qualify as a predicate offense for career offender status, as it was not a crime of violence. Under the explicit terms of § 2255, a § 2241 petition cannot be entertained by a court unless a § 2255 motion would be "inadequate or ineffective." Cradle, 290 F.3d at 538. We have explained:
>
>> A § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation of scope or procedure would prevent a §

4

> 2255 proceeding from affording him a full hearing
> and adjudication of his wrongful detention claim.
> It is the inefficacy of the remedy, not the
> personal inability to use it, that is
> determinative.  Section 2255 is not inadequate or
> ineffective merely because the sentencing court
> does not grant relief, the one-year statute of
> limitations has expired, or the petitioner is
> unable to meet the stringent gatekeeping
> requirements of the amended § 2255.
>
> Id. at 538-39 (citations omitted).  [Petitioner] has
> not shown that a § 2255 motion would be inadequate or
> ineffective.  He argues that our decision in In re
> Dorsainvil, 119 F.3d 245 (3d Cir. 1997), allows him to
> proceed via § 2241 because he did not have an earlier
> opportunity to raise this claim.  In Dorsainvil, we
> held that a defendant may proceed via § 2241 when a
> subsequent statutory interpretation renders the
> defendant's conduct no longer criminal.  Id. at 251.
> Here, [Petitioner] is challenging his designation as a
> career offender.  Thus, he does not fall within the
> exception created in Dorsainvil and may not proceed
> under § 2241.  See Okereke v. United States, 307 F.3d
> 117, 120-21 (3d Cir. 2002) (holding that a petitioner
> is barred from proceeding under § 2241 because his
> argument was based on sentencing and did not render the
> crime he was convicted of not criminal).

McIntosh v. Shartle, 526 F. App'x 150, 151-52 (3d Cir. 2013).

The sole distinction between Petitioner's claim and that addressed in McIntosh is that the petitioner in McIntosh was basing his Begay challenge on his prior conviction for simple assault, while Petitioner is basing his Begay challenge on his prior conviction for statutory rape.  For the purposes of this Court's jurisdictional analysis, this is a distinction without a difference.  Therefore, Petitioner's instant submission is subject to dismissal for lack of jurisdiction.

Three additional points, however, warrant mentioning. First, Petitioner already fully litigated his Begay-based challenges raised here and his Alleyne-based challenges raised in Frank-I in his § 2255 actions litigated in the United States District Court for the Southern District of Georgia and the United States Court of Appeals for the Eleventh Circuit. See United States v. Frank, Crim. Action No. 03-0045 (DHB) (S.D. Ga), Docket Entry No. 184, and Frank v. United States, 2013 U.S. Dist. LEXIS 125040 (S.D. Ga. July 24, 2013). Those claims were already dismissed at both the district and appellate levels. Petitioner cannot re-litigate the same claims here. This Court does not sit in appellate review either of the Eleventh Circuit or the Southern District of Georgia. Simply put, Petitioner's challenges are barred by the doctrine of res judicata, and he cannot keep litigating them anew by dressing them in § 2241 garbs.

Second, even if there were no res judicata bar, Petitioner's de facto § 2255 challenges dressed in Section 2241 garbs would not be viable because they are barred by the broadly termed waiver contained in his plea agreement. See, e.g., Brown v. Zickefoose, 531 F. App'x 219 (3d Cir. 2013) (an inmate who was convicted pursuant to a plea agreement containing a broadly-termed waiver is barred from raising Begay challenges, regardless

6

of his attempt to style his de facto § 2255 claims as a § 2241 attack on his sentence enhancement).

Finally, Petitioner's persistence in challenging his sentence under Section 2241, in flagrant disregard of this Court's guidance as to the insurmountable jurisdictional barrier present here, comes dangerously close to abusing the equitable nature of the habeas writ.[2] This Court, therefore, strongly urges Petitioner to take his litigations in this District (and in all other federal courts, district and appellate) seriously, since sanctions could be applied to Petitioner if he continues abusing the legal process. "The courts in this nation stand ready to address challenges brought by litigants in good faith. Which, in turn, means that the judiciary — including the Judges in this District — expect litigants to treat their litigation with utmost seriousness, without abusing legal process and

---

[2] Where a habeas litigant is attempting to re-litigate the very same issue time and again, or where the litigant raises claims already known to him as facially meritless, it is well within the broad scope of the All Writs Act, 28 U.S.C. § 1651(a), for a district court to issue an order restricting the filing of such frivolous cases by that litigant. See e.g., In Re Oliver, 682 F.2d 443, 445 (3d Cir. 1982) (citing Lacks v. Fahmi, 623 F.2d 254 (2d Cir. 1980) (per curiam); Harrelson v. United States, 613 F.2d 114, 115 (5th Cir. 1980) (per curiam); Clinton v. United States, 297 F.2d 899, 901 (9th Cir. 1961), cert. denied, 369 U.S. 856 (1962)). Thus, if Petitioner persists at raising - or paraphrasing - his already litigated claims or already dismissed challenges, or the challenges he knows to be fatally deficient, he risks abusing the equitable nature of the habeas writ. See Sanders v. United States, 373 U.S. 1, 17-19 (1963); Furnari v. United States Parole Comm'n, 531 F.3d 241, 250 (3d Cir. 2008).

without unduly testing of the resolve or common sense of the judiciary." In re Telfair, 745 F. Supp. 2d 536, 580 (D.N.J. 2010).

For the foregoing reasons, the Petition will be dismissed for lack of jurisdiction. Petitioner will be directed to submit his $5.00 filing fee or his complete in forma pauperis application in connection with his prosecution of this matter. See Hairston v. Gronolsky, 348 F. App'x 716, 718 (3d Cir. Oct. 15, 2009) (citing Hall v. Stone, 170 F.3d 706, 707 (7th Cir. 1999), for the observation that the prisoner's legal obligation to pay the filing fee or obtain in forma pauperis status is automatically incurred by the very act of raising a legal claim). An appropriate Order follows.

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**United States District Judge**

Dated: April 29, 2014

8